**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **HENRY JOSEPH JAQUEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-CV-075-JED-FHM |
| ) | |
| **KIM EVENS, Probation and Parole Officer,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

On February 19, 2014, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Doc. 1), and a motion to proceed *in forma pauperis* (Doc. 2). He also provided summonses and USM-285 Marshal service forms. Plaintiff is in custody at the Creek County Justice Center, the facility serving as the Creek County Jail. By Order filed March 3, 2014 (Doc. 4), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed him to pay an initial partial filing fee of $10.10 on or before April 2, 2014. The Court also directed Plaintiff to file an amended complaint to cure identified deficiencies (*id.*), which he did on April 1, 2014 (Doc. 7).

However, Plaintiff did not pay the initial partial filing fee and his deadline to do so has passed. As discussed below, payment of the initial partial filing fee shall be waived. In addition, the Court finds that Plaintiff's amended complaint fails to state a claim upon which relief may be granted and shall be dismissed with prejudice.

### A. Waiver of initial partial filing fee

On March 11, 2014, the Clerk of Court received a letter from the Creek County Sheriff advising that Plaintiff had insufficient funds to pay the initial partial filing fee and that payment would be forwarded when funds become available. *See* Doc. 6. Although Plaintiff has not paid the initial partial filing fee and his deadline has passed, the Court shall waive the partial fee requirement. Nonetheless, Plaintiff remains obligated to make monthly payments, when funds are available, until the full $350 filing fee is paid in full.

### B. Amended complaint shall be dismissed

In his amended complaint (Doc. 7), Plaintiff abandons his original claims against all defendants except Kim Evens, Probation and Parole Officer. He claims that "Creek County Probation and Parole Office [is] not in compliance with Rules and Conditions of Probation, or Policy OP – entitled Probation and Parole." *Id.* He further states that "no deficiencies were found nor stated for this Plaintiff to cure in this claim. Please proceed in this matter. I am suing Kim Evens in her individual capacity only." *Id.* at 2-3. In his request for relief, Plaintiff asks for an injunction "for Probation Office to stop doing things that are not according to policy, but to provide offenders with due process hearing, to receive filing fees, attorneys fees, a special order of report and service to be issued, and an investigation by the Attorney General's Office for violation of offender's due process rights." *Id.* at 3.

#### 1. Dismissal standard

As stated in the Court's prior Order (Doc. 4), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claim

and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id.* A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City*

3

*of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### 2. Claim lacks a well-pleaded basis in fact

In the prior Order entered in this case, the Court determined that originally named Defendants Loeffler and Nelson appeared to be entitled to prosecutorial immunity, that the Creek County Criminal Justice System was not a suable entity, that the complaint failed to state a claim as to Defendant Serner, and that, based on the facts identified in the complaint, Plaintiff's request for money damages appeared to be precluded by 42 U.S.C. § 1997e (e). *See* Doc. 4 at 4-8. Plaintiff was further advised that "[a]ny remaining claim is also subject to being dismissed for failure to state a claim upon which relief may be granted." *See id.* at 8. The Court noted that, on the face of his original complaint, Plaintiff stated that records on the website maintained by the Oklahoma Department of Corrections (ODOC) support his claim that the charges in Creek County District Court, Case No. BCF-2007-171, were dismissed. *Id.* However, the website referenced by Plaintiff actually shows that suspended sentences were entered in that case. *Id.*

Furthermore, the Court took judicial notice that Creek County District Court records do not support the factual allegation giving rise to Plaintiff's claims. *Id.* (citing *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008) (stating that courts may consider, in addition

4

to the complaint, matters of public record)). To repeat, the docket sheet for Creek County District Court, Case No. BCF-2007-171, viewed at www.odcr.com, reflects that on May 6, 2008, Plaintiff, while represented by an attorney, entered pleas of no contest to the charges of Bringing Contraband (Drugs) Into Jail/Penal Institution (Count 1), Malicious Injury to Property Under $2500 (Count 2), and Threatening to Perform Act of Violence (Count 3). On that date, he was sentenced to three (3) years suspended on Count 1, and given credit for time served on Counts 2 and 3. *Id.* In addition, he was ordered to pay a $250.00 fine, a $250.00 victim compensation fee, $250.00 in jail costs plus a $250.00 Oklahoma Indigent Defense System attorney fee. *Id.* Judgment and Sentence were filed of record on May 12, 2008. *Id.* Plaintiff did not move to withdraw his pleas and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals. *Id.* On August 13, 2013, Plaintiff appeared personally to set a payment schedule of $50.00 per month beginning in October 2013. *Id.* The motion to revoke suspended sentence was filed on October 18, 2013. *Id.*

Significantly, the docket sheet for Creek County District Court, Case No. BCF-2007-171, contradicts Plaintiff's unsupported allegation, as raised in the original complaint, that the charges filed in that case were dismissed. That observation provided the basis for the Court's finding that Plaintiff's civil rights claims arise from his misunderstanding of the procedural posture of his Creek County criminal case and lack a well-pleaded basis in fact to establish a plausible due process violation. *See* Doc. 4 at 9. For that reason, the Court found that the complaint was subject to being dismissed for failure to state a claim upon which relief may be granted. *Id.* However, Plaintiff was provided the opportunity to file an amended complaint to cure deficiencies. *Id.* at 10. He was specifically directed to "demonstrate that the charges filed in Creek County District Court, Case No.

BCF-2007-171, were dismissed or that his convictions entered in that case have been vacated or otherwise set aside." *Id.*

In his amended complaint (Doc. 7), Plaintiff provides no additional information suggesting that the Court erred in assessing the procedural posture of his Creek County criminal case. He makes no showing that his charges were dismissed or his convictions entered in Creek County District Court, Case No. BCF-2007-171, have been set aside. Plaintiff continues to argue that because his case is not being reviewed under ODOC's Probation and Parole Policy, he is being deprived of due process. *See id.* However, as discussed above, Plaintiff is in custody on revocation proceedings filed in Creek County District Court, Case No. BCF-2007-171. None of Plaintiff's factual allegations suggests that he is being deprived of due process during his revocation proceeding.

Therefore, the Court finds that the amended complaint lacks a well-pleaded basis in fact to establish a plausible due process violation. For that reason, this action shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff failed to cure previously identified deficiencies, the Court finds it would be futile to allow further amendment. Therefore, the dismissal is with prejudice. *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (stating that dismissal with prejudice is proper "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile" (internal quotation marks and citation omitted)).

## C. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his amended complaint fails to state a claim upon which relief may be granted. As a result, the amended

complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Payment of the initial partial filing fee is **waived**. **Nonetheless, Plaintiff remains obligated to make monthly payments, when funds are available, until the full $350 filing fee is paid in full.**

2. Plaintiff's claim against Defendant Evens is **dismissed with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. This is a final Order terminating this action.

ORDERED THIS 28th day of April, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE